AYRES, Judge.
This is an action in boundary. Plaintiff and defendants own contiguous properties. Alleging that the boundary between their respective estates had never been established judicially, or otherwise, plaintiffs petitioned for and prayed that, after a survey made under orders of the court, the boundary be determined, located, marked, and monumented.
In an opinion or reasons for judgment, the issues and facts established in the record were reviewed and considered, followed by a conclusion that the boundary should be established in accordance with the position and contention of the defendants. In the course of the opinion, it was stated:
“Ed Gibbons and Rand Hawthorne, Jr., having purchased at tax sale in the *65 name of Ernest and Jane Smith Lan-ders, for the unpaid taxes of 1952,
“The East 40 feet of West 160 feet of South 121 feet of Lot 8 Wimberly Partition, in NEJ4 of SE14 Section 23, Township 17 North, Range 14 West, Caddo Parish, Louisiana,
bring this action in boundary against Lee Taylor and Mary H. Taylor, who own,
“The East 40 feet of the West 120 feet of South 121 feet of Lot 8 of Wim-berly Partition, etc., as per plat thereof recorded in Conveyance Book 50 page 513 of the records of said parish,
praying that the boundary between said properties be established.
“Defendants for answer allege that the boundary between said property has already been fixed by a survey by W. E. Martin dated May 20, 1912.
“After a trial on the merits, defendants filed a plea of prescription of ten and thirty years.
“James H. Tooke, a surveyor, was appointed by the Court, and made a survey and filed in evidence a proces verbal and map of said survey. The proces verbal was not made in accordance with the requirements of [LSA] Civil Code Art. 834, hence the Court does not accept said survey as making proof of itself. Lindsey [Lindsay] v. Wright, 27 La.Ann. 565.
“The property in question is shown on a plat of the NEj4 of SEJ4 of Section 23, Township 17 North, Range 14 West, and became what is known as Lot No. 8 of said Partition, measuring 524.74 feet from west to east. ' Lot No. 9 lies west of Lot No. 8 and measures 787.7 feet from west to east, taking up the entire width of the forty acres. (Lot 8 was subdivided at a later date.)
“Mr. Tooke, the surveyor, says that he could not find the southeast corner of the section, but was informed by the City of Shreveport officials that the southeast corner was in the center of Linwood Avenue and 70th Street; that he measured 1320 feet north for the> southeast corner of the NEJ4 of SEK and then measured 521 feet towards the west, and finding no corner for the southwest corner of said lot, No. 8, established a corner for said southwest corner, and then measured eastward to find the dividing line between plaintiffs’ and defendants’ property. Mr. Tooke did not state that he checked any other known marks of identification.
“Mr. George E. Dutton, a surveyor of sixty years’ experience, testified that he had made several surveys of adjoining property to the south and north as far back as 1922; that he was familiar with the original southwest corner of Lot 8 and the southeast corner of Lot 8 as established by W. E. Martin in 1912. He testified that land as platted by Surveyor Martin established the southeast corner at a point 33 feet east of the center line of what is now Linwood Avenue; that this corner was at a steel fence; that the southwest corner of Lot 8 had an iron pipe, all as shown on a plat of Acorn Place filed in evidence, but which was never recorded. Defendants’ witnesses also testify that the southwest corner as shown by the iron pipe was placed there by W. E. Martin and shown to them by their father, and they have been living on this property for more than thirty years.
“Mr. Tooke testified (Ev. 35) that according to his survey, he found an iron pipe about 33 feet east of where he established the southwest corner of Lot 8, which was just inside of the Percy Johnson fence, corner.
“Elias Wimberly was the original owner of all of this property. On January 30, 1909 he sold to Anthony Wim- *66 berly ten. acres which, later became Lot 9 of the Wimberly Partition, and the description reads, in part, as follows:
“ ‘Commencing at the southwest corner of NE14 of SE14, run thence east 787.7 feet; thence north 553 feet; thence west 787.7 feet; thence south 553 feet to place of beginning.’
“This is shown on the plat of the Martin Survey which, as stated, was made on May 28, 1912. Then, on May 30, 1912, Elias Wimberly sold to David Wimberly Lots 8 and 15, as per map made by W. E. Martin May 28, 1912, of the of SEj£, containing 4.93 acres. Then David Wimberly died and his heirs were sent into possession of the property by judgment dated March 21, 1927. The heirs of David Wimberly sold to Lee Taylor and Mary Alice Hill Taylor on November 22, 1946, the following described tract:
“ ‘A tract of land 40 feet by 121 feet located in the Dave Wimberly Lot 8, as recorded in Book 50, page 513 * * * and described as follows: “ ‘Beginning at a point 80 feet east of the southwest corner of said Lot 8; thence north 121 feet; thence east 40 feet; thence south 121 feet; thence west to the place of beginning.’
“Said heirs, by like deed dated February 16, 1945, sold to Ernest Landers and Jane Smith a tract of land 40 feet by 121 feet located in the Dave Wimberly Lot 8, described as:
“ * * * Beginning at a point 120 feet east at (of) the southwest corner of said Lot 8, thence north 121 feet, thence east 40 feet, thence south 121 feet, thence west 40 feet to place of beginning.’
“We call attention to the fact that in all of the deeds, the parties began on the west side and measured towards the east. Defendants acquired their property from the common author prior to plaintiffs’ acquisition.
“We cannot accept the survey made by Mr. Tooke, for the reason that he did not attempt to find the ‘beginning’ point in any of the titles. He did not attempt to locate the southwest corner of the forty acres and tie in that corner with the other property located within the forty acre tract. We think the proper way of making a survey of this kind is to find the original southwest corner of the forty acres and then measure off 787.7 feet for the Anthony Wimberly property, and at the end of this 787.7 feet would be the southwest corner of Lot 8; and then measure east to locate the corners of plaintiffs’ and defendants’ property. A boundary line whose commencement is given must be continued in the same direction unless the contrary is shown. Henderson v. St. Charles’ Church, 7 Mart.,N.S., 117.
“We are not interested in finding the true southeast corner of the forty acres. If anyone purchased property to the east of that owned by plaintiffs and defendants and there was not as much as 521 feet in the whole, that person would have to accept the shortage. It may be that W. E. Martin made an error in locating the southeast corner of said property. If so, it would concern only the person who may have purchased property to the east from that owned by plaintiff and defendant.
“We accept the testimony of Surveyor Dutton and the testimony of the defendant and witnesses that the iron pipe 33 feet east of the corner as established by Mr. Tooke is the correct southwest corner of Lot 8 of the Wim-berly Partition', and that from this point measure eastward to determine *67 the corner between plaintiff and defendant.”
From a judgment in accordance with the reasons assigned in the aforesaid opinion, plaintiff, Rand Hawthorne, Jr., who had, in the meantime, acquired all the interest of plaintiff, Ed Gibbons, appealed.
Appellant assigns as error (1) the acceptance by the trial court of the southwest corner of Lot 8 of Wimberly Partition in accordance with the plat and survey of George E. Dutton, complaining that, by so doing, a shortage of 33 feet in the south line of said lot was created; (2) the rejection of the survey and plat of survey- or, James H. Tooke, an appointee of the court; (3) in failing, in the alternative, to apportion the deficiency in the aforesaid Lot 8; and, finally, (4) in failing to have determined and fixed the boundary between plaintiff’s and defendants’ properties.
The reasons assigned in the opinion adequately answer and dispose of contentions (1), (2), and (3). The fourth of these contentions is likewise without merit, for the judgment directs the marking and monumenting of the boundary. In this regard, the judgment reads:
“That the southwest corner of Lot 8 of Wimberly Partition be fixed in accordance with the testimony and survey of George E. Dutton and as marked by him with an iron monument;
“That the boundary between plaintiffs’ and defendants’ properties be established, monumented and marked in accordance with said southwest corner of Lot 8 of Wimberly Partition; * »
The trial court has plenary power and authority to direct the completion of the survey, particularly as to the marking and monumenting of the boundary between plaintiff’s and defendants’ properties, as originally ordered.
For the reasons assigned, the judgment appealed is affirmed. The plaintiff is taxed with the cost of this appeal.
Affirmed.